BYBEE, Circuit Judge,
dissenting:
I respectfully dissent. Even assuming that the Release was invalid, the Hoffmans cannot bring this breach of contract suit against GEICO under Montana law.
When GEICO paid the Hoffmans $100,000 on July 5, 2001, that sum was the entire amount available under the Hoff-mans’ insurance contract under then-existing Montana law, which prohibited stacking.[1] Accordingly, the Hoffmans’ claim with GEICO was closed by accord and satisfaction on July 5, 2001, regardless of the validity of any accompanying Release. In 2003, two years after GEICO paid the full amount of the Hoffmans’ insurance policy available under then-applicable law, the Montana Supreme Court held Montana’s anti-stacking statute to be unconstitutional, Hardy v. Progressive Specialty Ins. Co., 315 Mont. 107, 67 P.3d 892 (2003), but left open whether Hardy’s holding retroactively applied to already-paid claims. In 2004, the Montana Supreme Court squarely addressed the Hardy retroactivity issue, stating:
[W]e conclude that Hardy applies retroactively to require payment of stacked uninsured, underinsured motorist and medical payment insurance coverages in qualifying circumstances on open claims arising before its issuance. However, in the interests of finality ... we limit this retroactivity to cases pending on direct review or not yet final.
*299 Dempsey v. Allstate Ins. Co., 325 Mont. 207, 104 P.3d 483, 490 (2004).
In my view, Dempsey makes plain that Hardy retroactivity does not apply to the Hoffmans’ fully-paid claim. First, the plain meaning of the phrase “open claims” should not be read to include claims paid in full under then-prevailing la%v; accord and satisfaction of an insurance claim does not leave that claim “open” under any commonsense understanding of the term. Moreover, by using a limiting phrase— “[h]owever, in the interests of finality ... ” — the Dempsey court signaled that its second sentence was intended not to restate the first, but to limit it in a material way. The second sentence ultimately prescribes just such a limitation: “we limit this retroactivity to cases pending on direct review or not yet final.” 104 P.3d at 483 (emphasis added). Having used “claims” just one sentence before, and given the importance of “claims” versus “cases” in the insurance context, the Montana Supreme Court’s use of the word “cases” instead of “claims” cannot be presumed to be unintentional. Although the word “cases” is certainly open to more than one meaning as a general matter, in using the phrase “cases pending on direct review or not yet final” in Dempsey, the Montana Supreme Court intended to refer only to judicial actions already pending in a court of first instance or on direct appeal.
My reading is bolstered by the fact that Dempsey emphasized “the interests of finality.” Montana has an eight-year statute of limitations on breach of contract claims, see MCA 27-2-202(1), so at the time Dempsey was decided in 2004, every single UIM claim paid, but not sued-upon, since the enactment of Montana’s antistacldng statute in 1997 would have been open to a Hardy-retroactivity lawsuit under the majority’s interpretation of Dempsey. If the Montana Supreme Court intended Hardy to apply retroactively to every single non-sued-upon UIM claim paid under the anti-stacking regime, it could have said so explicitly. I do not know how many UIM claims were paid in Montana from 1997 through 2003, but issuing a ruling inviting a lawsuit by each and every such claimant does not accord with “the interests of finality.”
In sum, because GEICO paid the Hoff-mans’ claim in full under then-existing Montana law, and a subsequent change in the applicable law was not made retroactive to claims such as the Hoffmans’, I would reverse the district court’s grant of summary judgment to the Hoffmans and order that court to enter summary judgment in favor of GEICO dismissing the complaint.

. As the majority explains, GEICO's $100,000 payment "provided the Hoffmans with no new consideration,” maj. op. at 296, and "merely fulfilled GEICO's] preexisting legal duty under its contract with the Hoffmans.” Id.